SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Nible, | No. CV 1-08-00713-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden, et al., | |
| Defendants. | |

This case was reassigned to the undersigned judge on November 24, 2008. (Doc.# 13.)[1] Plaintiff William Nible, who is confined in the Kern Valley State Prison (KVSP), and three other inmates filed a joint complaint in Nible v. Warden, case no. CV 08-00627-LJO-DLB, seeking relief pursuant to 42 U.S.C. § 1983. (Doc.# 1.) The Court severed the plaintiffs' claims into separate actions and ordered each of the plaintiffs to file an amended complaint in their respective cases. Plaintiff has filed a First Amended Complaint. (Doc.# 9.) The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

---

[1] "Doc.#" refers to the docket number of filings in this case. This is one of nearly 200 cases accepted by district judges in the District of Arizona to help the Eastern District of California.

JDDL-K

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## II. First Amended Complaint

Plaintiff alleges state and federal claims for denial of access to the courts based upon an inadequate law library and failure to provide supplies at KVSP. Plaintiff sues: an unnamed "Warden"; Grievance Co-ordinators B. Gracewich and C. Pfieffer; Librarian K. Spray; Senior Librarians Olsen and Christensen; Corrections Officer Garza; and "Doe's". Plaintiff seeks punitive damages and declaratory and injunctive relief.

## III. General Deficiencies in the First Amended Complaint

### A. Claims of Other Inmates

Plaintiff repeatedly refers to "all plaintiffs" and "Plaintiffs" in his First Amended Complaint. A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). Accordingly, to the extent that Plaintiff asserts any claim on behalf of other individuals, his First Amended Complaint is dismissed.

### B. Fictitiously Named and Unnamed Defendants

Plaintiff names "Doe's, Et al" and "Warden" as Defendants. Plaintiff fails to allege

1 how any particular Doe Defendant or warden allegedly violated his constitutional rights. Generally, the use of anonymous appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his or her designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the identities of these fictitious defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

### IV. Failure to State a Claim Under § 1983

Plaintiff in part seeks relief for violation of his federal constitutional rights. To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

#### A. Failure to Affirmatively Link Defendants to any Constitutional Violation

Plaintiff sues several named Defendants. Although the named Defendants may properly be sued for constitutional violations, Plaintiff fails to state a claim against any of them. "A plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege facts to support that any Defendant enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged facts to support that any Defendant directly violated his constitutional rights or to support that any Defendant was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state a federal constitutional claim against any Defendant in his First Amended Complaint.

### B. Grievance Procedures

Plaintiff in part appears to claim denial of an adequate grievance process. An inmate does not have a protected liberty interest in prison grievance procedures because there is no free-standing constitutional right to a grievance process. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff therefore fails to state a claim against any Defendant based upon the failure to comply with prison grievance procedures.

### C. Access to the Courts

Plaintiff also asserts that his federal constitutional right of access to the courts was violated based upon an inadequate law library, or access thereto, and denial of legal supplies at KVSP. The right of meaningful access to the courts prohibits state officials from actively

1 interfering with an inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges that he was denied access to a paralegal or a law library. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.

Plaintiff fails to allege facts regarding when, how or by whom he believes he was denied access to the courts. Plaintiff also fails to allege facts to support that he was actually injured as a result of any alleged denial of access to a law library and/or materials with which to file a complaint or other pleading; he was clearly able to file a complaint in this action. Plaintiff otherwise fails to allege facts to support that the named Defendants prevented him from being able to pursue remedies in court or an actual injury in connection with other litigation. Plaintiff therefore fails to state a federal constitutional claim for denial of access to the courts.

**V.    State Law Claims**

Plaintiff also in part alleges violation of state law rights. Where a federal court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983,

the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Because Plaintiff has failed to state a federal constitutional claim in his First Amended Complaint, the Court declines to exercise jurisdiction over any state law claim and dismisses such claims without prejudice. 28 U.S.C. § 1367(c).

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior complaints by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction and about the defendants, and to divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff

may allege only one claim per count.

A second amended complaint supersedes any prior complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**V.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.  Possible Dismissal**

1  If Plaintiff fails to timely comply with every provision of this Order, including these
2 warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
3 1260-61 (a district court may dismiss an action for failure to comply with any order of the
4 Court).

5 **IT IS ORDERED:**

6 (1) The First Amended Complaint (doc.# 9) is **dismissed** for failure to state a
7 claim. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint
8 in compliance with this Order.

9 (2) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
10 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
11 that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

12 (3) The Clerk of Court must include with this Order a copy of this judge's required
13 form for filing a civil rights complaint by a prisoner.

14 DATED this 14th day of April, 2009.

John M. Roll
Chief United States District Judge