SC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

William Nible,                           )   No. CV 1-08-00713-JMR
                                         )
       Plaintiff,                        )   **ORDER**
                                         )
vs.                                      )
                                         )
Warden, et al.,                          )
                                         )
       Defendants.                       )
                                         )

Plaintiff William Nible, who is confined in the Kern Valley State Prison (KVSP), and three other inmates filed a joint complaint in Nible v. Warden, case no. CV 08-00627-LJO-DLB, seeking relief pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court severed the plaintiffs' claims into separate actions and ordered each of the plaintiffs to file an amended complaint in their respective cases. Plaintiff filed a First Amended Complaint, which the Court dismissed with leave to amend. (Doc.# 9, 17.) Plaintiff has filed a Second Amended Complaint. (Doc.# 18.) The Court will dismiss the Second Amended Complaint and this action for failure to cure the deficiencies of the First Amended Complaint or to otherwise state a federal constitutional claim.

**I.**  **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1] "Doc.#" refers to the docket number of filings in this case.

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Leave to amend, however, need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90

F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim without further leave to amend.

## II.     Second Amended Complaint

Plaintiff alleges federal claims for denial of access to the courts based upon an inadequate law library at KVSP. Plaintiff sues the following KVSP employees: Warden M. Knowles; Grievance Co-ordinators B. Gracewich and C. Pfeiffer; Librarian K. Spray; Senior Librarians Olsen and Christiansen. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

## III.    Failure to State a Claim Under § 1983

Plaintiff seeks relief for violation of his federal constitutional rights. To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.     Knowles

Plaintiff in part sues Warden Knowles claiming he failed or refused to correct unidentified wrongs. Although Knowles may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. As the Court previously informed Plaintiff:

> "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);

> Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

(Doc.# 14 at 3-4.)

Plaintiff fails to allege facts to support that Knowles enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Further, Plaintiff has not alleged facts to support that Knowles directly violated his constitutional rights or to support that Knowles was aware that Plaintiff's rights were being violated but failed to act.  Plaintiff thus fails to state a constitutional violation against Knowles and he will be dismissed.

**B.     Denial of Access to the Courts/Redress of Grievances**

As to the remaining Defendants, Plaintiff alleges the denial of access to the courts or the right to seek redress of grievances.  Plaintiff also asserts that his equal protection and due process rights were violated by these Defendants' failure or refusal to process his grievances and that their refusal somehow caused "a substantial loss affecting the meaningfulness of a pending action," which he identifies as Nibble v. Knowles, No. CV06-1716-OWW-DLB.[2]  That action remains pending and service on the defendants has been ordered.

As the Court previously informed Plaintiff:

> An inmate does not have a protected liberty interest in prison grievance procedures because there is no free-standing constitutional right to a grievance process.  Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

(Doc.# 14 at 4.)  Further, the Court informed Plaintiff that:

> The right of meaningful access to the courts prohibits state officials from

---

[2] Plaintiff's assertions that various Defendants violated his due process and equal protection rights in allegedly denying access to the courts are wholly conclusory and unsupported by factual allegations.

- 4 -

> actively interfering with an inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges that he was denied access to a paralegal or a law library. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.
>
> Plaintiff fails to allege facts regarding when, how or by whom he believes he was denied access to the courts. Plaintiff also fails to allege facts to support that he was actually injured as a result of any alleged denial of access to a law library and/or materials with which to file a complaint or other pleading; he was clearly able to file a complaint in this action. Plaintiff otherwise fails to allege facts to support that the named Defendants prevented him from being able to pursue remedies in court or an actual injury in connection with other litigation. Plaintiff therefore fails to state a federal constitutional claim for denial of access to the courts.

(Id. at 4-5.)

### 1. **Gracewich and Pfeiffer**

As to Gracewich and Pfeiffer, Plaintiff merely asserts that they failed or refused to "process" Plaintiff's grievance and asserts that failure or refusal somehow affected his rights in CV 06-1716. Plaintiff does not allege the date or subject of the grievance allegedly not processed. Further, Plaintiff alleges no facts to support that he was unable to file a grievance or that he was denied grievance forms. Rather, he alleges that these Defendants did not respond to his grievance. That is not sufficient to state a claim. Moreover, Plaintiff was clearly able to file a complaint in CV06-1716, which has been ordered served on the defendants, and he was able to file a complaint in this case. Thus, Plaintiff again fails to allege an actual injury for purposes of any alleged denial of access to the courts claim against

Gracewich and Pfeiffer and fails to state a claim against them.

**2.     Spray, Christiansen, Olsen**

Plaintiff alleges that Librarian Spray and Senior Librarian Olsen failed to correct alleged shortcomings of the library, specifically, availability of materials and hours of operation. Plaintiff alleges that Educational Principal Christiansen "cause[d] the redirection of Librarian on C-Facility thereby limiting access" to the library, three computers, and law books to the prison population. (Doc.# 18 at 5.)

As stated above, the denial of access to use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Thus, to state a claim, a plaintiff must allege facts to support that he suffered an "actual injury" by the denial of access to a law library, i.e., facts to support that a defendant's conduct prevented the plaintiff from bringing to court a non-frivolous claim that he wished to present. Plaintiff fails to allege facts to support that anyone prevented him from bringing to court any non-frivolous claim that he wished to present. Nor has Plaintiff alleged facts to support that he was in any way actually injured by the denial of access to a law library. Plaintiff therefore fails to state a claim against Defendants Spray, Christiansen, or Olsen.

## CONCLUSION

Plaintiff was previously warned about the deficiencies in his First Amended Complaint and was afforded the opportunity to cure those shortcomings. Plaintiff has not cured the cited deficiencies in his Second Amended Complaint or otherwise stated a claim for relief. Accordingly, the Second Amended Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1)     Plaintiff's motion for an extension of time to file a second amended complaint is **granted** to the extent that his Second Amended Complaint is deemed timely filed. (Doc.# 15.)

(2)     The Second Amended Complaint (doc.# 18) is **dismissed** for failure to state a claim.

1      (3)    The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 3rd day of November, 2009.

_John M. Roll_
John M. Roll
Chief United States District Judge

- 7 -